IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC BENNETT,<br>Plaintiff, | * * * | |
| v. | * | Civil Case No.: 2:07CV325-MEF |
| OFFICER MICHAEL PATRICK, in his<br>individual and official capacities, and<br>CITY OF BRANTLEY, ALABAMA,<br>Defendants. | * * * * | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Cedric Bennett, by and through his attorneys of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of Alabama to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. The violations of Plaintiff's rights as alleged herein occurred in Crenshaw County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Cedric Bennett, who is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

4. Defendant Officer Michael Patrick (hereinafter, "Patrick"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of Brantley, Alabama, and is a person whose conduct proximately and directly harmed Plaintiff. Patrick is being sued in his individual and official capacities.

5. Defendant City of Brantley, Alabama (hereinafter, "the City"), is an incorporated municipality located within Crenshaw County, Alabama, and was at all times relevant hereto the employer and master of Patrick.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. On or about January 11, 2007, Plaintiff was peacefully occupying his residence in Brantley when Patrick approached Plaintiff's front door.

9. At the time he approached Plaintiff's front door, Patrick was armed with a Taser™ weapon which he was pointing directly at Plaintiff.

10. A Taser™ uses compressed nitrogen gas to fire barbed probes trailing wires over which is sent 50,000 volts of electricity. When the electricity is discharged into a human body, the effect is to give the victim a full-body charley horse. It causes neuromuscular spasms for five seconds per discharge and renders the victim incapable of voluntary movement.

11. Patrick angrily yelled at Plaintiff not to move, that he was under arrest for alleged misdemeanor warrants from the city of Opp, Alabama.

12. Plaintiff extended his hands, and Patrick handcuffed him.

13. Patrick then grabbed the handcuffs' linking chain and yanked Plaintiff down several steps off his front porch, causing severe pain.

14. Plaintiff advised Patrick that he was not resisting arrest, and would not do so.

15. Patrick then walked Plaintiff to Patrick's Brantley Police Department patrol car, holding the Taser™ weapon to Plaintiff's neck, threatening him.

16. As Plaintiff was starting to get into the back seat of the patrol car, Patrick fired his Taser™ at point-blank range directly into Plaintiff's arm. The barbs sank deep into Plaintiff's flesh.

17. As the electrical discharge coursed through Plaintiff's body, he hit the ground writhing.

18. Plaintiff begged Patrick to remove the barbs from his arm; Patrick did not do so.

19. After the electrical discharge had ended, and still on the ground, Plaintiff managed to rip the barbs out, leaving his arm torn and bleeding.

20. Plaintiff's father, who had been called by a family member, arrived on the scene and asked what had happened.

21. Patrick motioned for Plaintiff to remain quiet. Plaintiff, knowing he would be transported by Patrick complied and did not tell his father about the Taser™ attack.

22. Patrick apologized to Plaintiff for handcuffing him and handed Plaintiff the keys, telling him to uncuff himself.

23. When Plaintiff was unable to remove the handcuffs, Patrick took back the keys and removed the restraints himself.

24. Patrick then put Plaintiff into the front seat of the patrol car. As they were motoring toward Opp, Patrick offered to give Plaintiff some money to take his family out to dinner to atone for what he had done.

25. Although Plaintiff had been injured and should have received medical attention, Patrick failed to tell the Opp officers about the Taser™ attack.

26. After Patrick had departed, Plaintiff told Opp officers about the incident, and they documented his injuries.

27. At all times material hereto, Patrick was a state actor, engaged as an agent, officer, or employee of the City of Brantley, and his actions constitute state action

28. As a result of Patrick's conduct, Plaintiff experienced extreme physical pain and suffering, emotional distress, and mental anguish. His arm still bears the scars from the barbed probes.

## CAUSES OF ACTION

29. Plaintiff expressly adopts as to each cause of action each and all of the allegations in the preceding paragraphs as if fully set forth therein.

### COUNT I – 42 U.S.C. § 1983 – UNREASONABLE FORCE

30. Patrick used force against Plaintiff

31. The force Patrick used against Plaintiff was disproportionate, excessive and unreasonable.

32. At the time Patrick used force against him, Plaintiff posed no danger to himself, to Patrick, or to anyone else.

33. Patrick knew that the application of any force in circumstances such as described above would be disproportionate, excessive and unreasonable.

34. It was clearly established in the law at all times material hereto that the application of any force in circumstances such as described above would be disproportionate, excessive and unreasonable.

35. Plaintiff had a right to be free from the use of unreasonable force pursuant to the guarantees of the Fourth Amendments to the United States Constitution.

36. At all times material hereto the right of Plaintiff to be free from the use of unreasonable force was clearly established.

37. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

38. Specifically, any reasonable law enforcement officer would have been aware that Patrick's conduct would violate a clearly established constitutional right, to wit: to be free from the use of excessive and unreasonable force applied under color of law by a state actor.

39. Plaintiff has been injured and damaged thereby.

40. This claim is brought against Patrick in his individual capacity.

## COUNT II – NEGLECT, UNSKILLFULNESS CARELESSNESS

41. In his conduct toward Plaintiff, Patrick owed him a duty of care.

42. Patrick breached that duty of care by intentionally, recklessly, wantonly, or negligently shooting him with a weapon in the absence of justification for doing so.

43. To the extent that the shooting is claimed to have been accidental, it was brought about by the neglectful, unskillful, and careless handling of the Taser™ weapon by Patrick.

44. At all times material hereto, Patrick was engaging in his duties as an officer, agent, or employee of the City of Brantley for the benefit of the City.

45. The City is liable over to Plaintiff for the conduct complained of, pursuant to § 11-47-23, Code of Alabama 1975.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff and Plaintiff pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth Amendment to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Enjoin the defendants from imposing punishment as against Plaintiff and further violating his federally protected rights;

c) Grant Compensatory damages in favor of Plaintiff as against defendant Patrick of $500,000.00;

d) Grant Punitive damages to Plaintiff against defendant Patrick in the amount of $500,000.00;

e) Grant Compensatory damages to Plaintiff against defendant City of Brantley in the amount of $100,000.00.

f) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorneys' fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the __13th__ day of April, 2007.

/s/ Jay Lewis
K. Anderson Nelms
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-Lewis@jaylewislaw.com
ASB-2014-E66J

**PLAINTIFFS DEMAND TRIAL BY JURY**