IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC BENNETT, | * | |
|     Plaintiff, | * | |
| | * | |
|     v. | * | Civil Case No.: 2:07-cv-325-MEF-TFM |
| | * | |
| OFFICER MICHAEL PATRICK, in his | * | |
| individual and official capacities, and | * | |
| CITY OF BRANTLEY, ALABAMA, | * | |
|     Defendants. | | |

**BRIEF IN SUPPORT OF MOTION TO PROCEED *IN FORMA PAUPERIS***

The Court has directed counsel for Plaintiff herein to file a brief in support of his motion to proceed *in forma pauperis* (Doc. 3). In compliance therewith, Plaintiff would show the Court as follows:

This case arises from an incident in which Plaintiff was gratuitously subjected to assault by Taser at the hands of defendant Patrick. Plaintiff seeks damages.

In moving for leave to proceed *in forma pauperis*, Plaintiff seeks to avail himself of the benefits of 28 U.S.C. § 1915. The only statutory requirement to proceed under that statute is good faith and does not require that the underlying claim be meritorious. See *Ellis v. United States*, 356 U.S. 674 (1958) (per curiam); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (C.A.D.C.,2006)

Plaintiff acknowledges that there is no absolute right to proceed *in forma pauperis*, that it is a privilege, and that the Court has broad discretion in the matter. *Parsell v. U. S.*, 218 F.2d 232 (5th Cir. 1955); 28 U.S.C.A. § 1915. As a district court in Texas has opined, however,

> In exercising this discretion, courts have formulated the following legal tests to
> carry out the purpose of section 1915: Is petitioner barred from the Federal Courts
> by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975); Is

access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 337, 69 S.Ct. 85, 88, 93 L.Ed. 43 (1948).

*Carter v. Telectron, Inc.*, 452 F.Supp. 939, 943 (D.C.Tex.,1976).

More specifically, the Supreme Court in *Adkins* (op. cit.) emphasized the importance of keeping the federal courts open to meritorious claims:

We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs * * * and still be able to provide' himself and dependents 'with the necessities of life.' To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

*Adkins*, 335 U.S. 331, at 339-340.

In the present case, Plaintiff has declared – under penalty of perjury – that he is unemployed, has no assets, and cannot afford to pay a filing fee, as his affidavit (previously submitted) affirmatively shows.  Plaintiff is just the sort of litigant that the *in forma pauperis* statute was designed to benefit, lest the courts be closed to him for want of money.

The Court has also directed counsel to address the appropriateness of requested relief in light of the fact that he is represented by counsel.  The undersigned counsel respectfully suggests that the fact of representation should make no difference to the

appropriateness of the requested relief.

The Supreme Court's *Adkins* decision also addressed the issue of lawyers for

indigent petitioners, concluding that poor persons have the same right as rich persons to

hire lawyers without that fact affecting the question of their indigency:

> The statute here under consideration is not susceptible of a construction
> that would impose more burdens on lawyers employed by litigants unable
> to pay fees except on a contingent basis, than the burdens imposed on
> lawyers for those litigants who are able to employ counsel by the year or
> by payment of straight noncontingent fees. Section 3 of the statute
> specifically states that litigants who make affidavits of poverty shall be
> entitled to the same court processes, have the same right to the attendance
> of witnesses, and the same remedies as are provided by law in other cases.
> And as pointed out, s 4 of the statute makes it abundantly clear that poor
> litigants shall have the same opportunity to be represented by counsel as
> litigants in more fortunate financial circumstances. The statutory
> construction urged by respondent here would result in restricting the
> opportunities of the poor litigant in getting a lawyer who would follow his
> case through the appellate courts. For as was said by the District Court in
> *Clark v. United States*, D.C., 57 F.2d 214, 216: '* * * The same poverty
> that compels a litigant to avail himself of this beneficent statute makes it
> impossible for him to hire counsel. He can procure counsel only by
> agreeing that out of the proceeds of his case, if there are proceeds, counsel
> shall be compensated. * * * In practical effect he (a poor litigant) is denied
> counsel if his counsel must either himself guarantee the costs or file an
> affidavit that he also is penniless. The statute was intended for the benefit
> of those too poor to pay or give security for costs, and it was not intended
> that they should be compelled to employ only paupers to represent them.'

*Adkins*, 335 U.S. 331, at 343-344.

The undersigned counsel does hereby certify that his representation of Plaintiff is

on a contingent basis pursuant to a written fee agreement, a copy of which is attached

hereto as Exhibit A.

RESPECTFULLY SUBMITTED on this the __18th__ day of April, 2007.

/s/ JAY LEWIS
Jay Lewis
Attorney for Plaintiff

LAW OFFICES OF JAY LEWIS,
LLC

P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

# Law Offices of Jay Lewis
## CLIENT CONTRACT

Client _Cedric A. Bennett_ Date _2/27/07_

Address _P.O. Box 291_

City _Brantley_ State _AL_ Zip _36009_

Phone(s): Home _334-527-3607_ Business _____

Client employs* the Law Offices of Jay Lewis regarding: _§1983 v. City of Brantley + Michael Patrick_

_____

_____

_____

*Appellate work is not included, unless otherwise indicated.

## COST AGREEMENT:

___ Expenses to be paid by client as incurred.

_✓_ Expenses to be advanced and billed as indicated.

___ Other _____

A cost deposit of $ _____ is due before representation is undertaken.

## FEE AGREEMENT:

___ Fixed fee of $ _____ .

___ Hourly rate at $ _____ per hour.

___ Hourly rate at $ _____ per hour, plus _____ % of amount recovered.

___ Hourly rate at $ _____ per hour, plus attorney's fees awarded to client as a prevailing party under applicable law.

___ Contingent hourly rate at $ _____ per hour, or attorney's fees awarded to client as a prevailing party under applicable law, whichever is greater (plus time expended in collecting awarded fee at $175.00 an hour).

_✓_ Contingent fee of _40_ % of amount recovered (including any attorney's fees awarded to client as a prevailing party) or 100% of attorney's fee awarded to client as a prevailing party, whichever is greater (plus time expended in collecting awarded fee at $175.00 an hour).

___ Other _____

A Retainer of $ _____ (may be applied to attorney's fees or costs) is due before representation is undertaken, of which $_____ will be held in reserve for application to any final billing. Given the conflicts of interest created, the preclusion of other work, and the minimum dedication of time and resources required, $ _____ is the minimum fee for which representation will be undertaken and no portion of the retainer below that amount will be refunded.

## BILLING AGREEMENT:

Bill: ___Monthly; ___ Quarterly; _✓_On completion; ___ Other _____ .

(Additional retainers or cost deposits may be required if fees and/or advanced expenses are not paid when due.) Client agrees to cooperate as necessary in the collection of any awarded fee.

_____
Client

_Cedric A Bennett_

_____
Client

_____
Attorney (for the firm)

(See Other Side for Additional Terms and Conditions)