IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAY 22  P 3:52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Cedric Bennett, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 2:07-CV-325-F |
| | * | |
| City of Brantley, Alabama, and Officer | * | |
| Michael Patrick, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, by and through counsel, and state the following as their answer to Plaintiff's complaint.

1. These Defendants admit that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate this matter. These Defendants deny the remainder of paragraph one of Plaintiff's complaint and demand strict proof thereof.

2. These Defendants admit that venue is proper in United States District Court for the Middle District of Alabama. These Defendants deny the remainder of paragraph two of Plaintiff's complaint and demand strict proof thereof.

3. These Defendants admit paragraph three of Plaintiff's Complaint.

4. These Defendants admit that Officer Michael Patrick is a natural person over the age of 19 years and was at all times material employed as an officer of the Police Department of Brantley, Alabama. These Defendants deny the remainder of paragraph four of Plaintiff's

complaint and demand strict proof thereof.

5. These Defendants admit paragraph five of Plaintiff's Complaint.

6. These Defendants deny paragraph six of Plaintiff's Complaint and demand strict proof thereof.

7. No answer is required of these Defendants as to paragraph seven of Plaintiff's complaint.

8. These Defendants deny paragraph eight of Plaintiff's complaint and demand strict proof thereof.

9. These Defendants deny paragraph nine of Plaintiff's complaint and demand strict proof thereof.

10. These Defendants admit the general technical specifications contained in paragraph ten of Plaintiff's complaint. Defendants deny the remaining allegations and demand strict proof thereof.

11. These Defendants deny paragraph eleven of Plaintiff's complaint and demand strict proof thereof.

12. These Defendants deny paragraph twelve of Plaintiff's complaint and demand strict proof thereof.

13. These Defendants deny paragraph thirteen of Plaintiff's complaint and demand strict proof thereof.

14. These Defendants deny paragraph fourteen of Plaintiff's complaint and demand strict

proof thereof.

15. These Defendants deny paragraph fifteen of Plaintiff's complaint and demand strict proof thereof.

16. These Defendants deny paragraph sixteen of Plaintiff's complaint and demand strict proof thereof.

17. These Defendants deny paragraph seventeen of Plaintiff's complaint and demand strict proof thereof.

18. These Defendants deny paragraph eighteen of Plaintiff's complaint and demand strict proof thereof.

19. These Defendants deny paragraph nineteen of Plaintiff's complaint and demand strict proof thereof.

20. These Defendants deny paragraph twenty of Plaintiff's complaint and demand strict proof thereof.

21. These Defendants deny paragraph twenty-one of Plaintiff's complaint and demand strict proof thereof.

22. These Defendants deny paragraph twenty-two of Plaintiff's complaint and demand strict proof thereof.

23. These Defendants deny paragraph twenty-three of Plaintiff's complaint and demand strict proof thereof.

24. These Defendants deny paragraph twenty-four of Plaintiff's complaint and demand

strict proof thereof.

25. These Defendants deny paragraph twenty-five of Plaintiff's complaint and demand strict proof thereof.

26. These Defendants deny paragraph twenty-six of Plaintiff's complaint and demand strict proof thereof.

27. These Defendants admit that Patrick was engaged as an agent, officer, or employee of the City of Brantley. Defendants deny any and all allegations of liability contained in paragraph twenty-seven of Plaintiff's Complaint and demand strict proof thereof.

28. These Defendants deny paragraph twenty-eight of Plaintiff's complaint and demand strict proof thereof.

29. No answer is required of these Defendants as to paragraph twenty-nine of Plaintiff's complaint.

30. These Defendants deny Count One of Plaintiff's complaint and demand strict proof thereof.

31. These Defendants deny Count Two of Plaintiff's complaint and demand strict proof thereof.

32. These Defendants deny Plaintiff's prayer for relief and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. These Defendants affirmatively plead immunity.

2. These Defendants affirmatively plead qualified immunity.

3. These Defendants affirmatively plead discretionary function immunity.

4. These Defendants affirmatively plead immunity expressed by *Ex parte Cranman* and subsequent case law.

5. These Defendants affirmatively plead immunity provided by Alabama Code § 6-5-338.

6. These Defendants affirmatively plead that a policy or custom of the City of Brantley was not the proximate cause of Plaintiff's alleged constitutional violation.

7. These Defendants affirmatively plead that Officer Patrick's actions were those of a reasonable officer.

8. These Defendants affirmatively plead intervening and superceding causation.

9. These Defendants affirmatively plead Plaintiff may not maintain a cause of action alleging an intentional tort against a municipality.

10. These Defendants affirmatively plead Plaintiff failed to comply with the statutory requirements to maintain this lawsuit.

11. These Defendants affirmatively plead their actions were not the proximate cause of Plaintiff's alleged damages.

12. These Defendants affirmatively plead that Plaintiff may not recover punitive damages from these Defendants.

13. These Defendants affirmatively plead their actions were legitimate and in good faith.

14. These Defendants affirmatively plead Plaintiff's own actions caused and/or contributed to his alleged damages.

15. These Defendants affirmatively plead Plaintiff was not subjected to unreasonable force or an unreasonable seizure.

16. These Defendants affirmatively plead Plaintiff's Fourth Amendment rights were not violated.

17. These Defendants affirmatively plead probable cause and/or arguable probable cause for Officer Patrick's actions.

18. These Defendants affirmatively plead the de minimis force doctrine.

19. These Defendants affirmatively plead contributory negligence and assumption of the risk.

20. These Defendants affirmatively plead that a judgment rendered in this case is limited by statute.

_/s/ signature_
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for City of Brantley, Alabama
and Officer Michael Patrick

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jay Lewis
847 South McDonough Street
Suite 100
Montgomery, Alabama 36104

This the 22 day of May, 2007.

_____
OF COUNSEL